IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN EUGENE BARNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-CV-0207-JFH-SH ) |
| TIMOTHY L. OFSEN, District Judge of Hughes County, Oklahoma, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Calvin Barnett, a state inmate appearing *pro se*, initiated this action on May 2, 2022, by filing a handwritten document titled: "The Plaintiff's Response; And (Objection) to the District Judge Timothy L. Ofsen, The Order he handed down on the 12th Day of April 2022" ("Complaint") [Dkt. No. 1]. In the Complaint, Barnett appears to seek injunctive relief and monetary damages related to two claims alleging that he was denied some form of relief he requested in state court, and also appears to seek release from custody based on one claim attacking the validity of the state-court judgment that resulted in his current incarceration. *See* Dkt. No. 1. With the Complaint, Barnett filed a letter asking for a new case number and suggesting this Court should have received "the ($450.00) for the new case." Dkt. No. 3. Based on allegations in the Complaint regarding violations of his constitutional rights and Barnett's reference to a filing fee that is relatively consistent with the $402 filing and administrative fees necessary to commence a civil action, the Court directed the Clerk of Court to open this case as a civil action and to treat the Complaint as a civil rights complaint seeking relief, under 42 U.S.C. § 1983. However, on preliminary review, the finds that Barnett has not submitted the necessary filing fees and cannot proceed with this action unless he does so. The Court thus dismisses the Complaint without

prejudice to refiling. However, if Barnett refiles his complaint, he must pay the full $402 filing and administrative fees.

Under 28 U.S.C. § 1915(g), a provision of the Prison Litigation Reform Act ("PLRA"), a prisoner shall not be permitted to proceed *in forma pauperis* in a civil action if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." For three reasons, this provision, commonly known as the three-strikes rule, bars Barnett from proceeding with a civil action in federal court without prepayment of the requisite fees and thus requires him to pay the full fees when he files a civil complaint.

First, Barnett is a "prisoner" within the meaning of the PLRA because he is currently incarcerated at the Oklahoma State Penitentiary, in McAlester, Oklahoma. Dkt. No. 1; *see* 28 U.S.C. § 1915(h) (defining the term "prisoner" for purposes of § 1915).

Second, Barnett has, on three or more prior occasions during his incarceration, brought civil actions or appeals in federal court that were dismissed as frivolous or for failure to state any claims on which relief may be granted. *Barnett v. Kunzweiler*, No. 20-CV-0524-JED-JFJ, 2021 WL 792772 (N.D. Okla. Feb. 11, 2021) (unpublished)[1] (dismissing civil rights complaint for failure to state a claim), *appeal dismissed* 2021 WL 3877694 (10th Cir. May 13, 2021) (unpublished); *Barnett v. Allbaugh*, No. CIV 17-264-RAW-SPS, 2018 WL 1547374 (E.D. Okla. Mar. 29, 2018) (unpublished) (dismissing civil rights complaint for failure to state a claim and

---

[1] The Court cites all unpublished decisions herein either because they bear directly on the disposition of this case or because they are persuasive. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

assessing one strike under § 1915(g)), *aff'd* 740 F. App'x 653 (10th Cir. 2018) (unpublished); *Barnett v. Jones*, No. CIV 12-354-FHS-SPS, 2012 WL 5818161 (E.D. Okla. Nov. 15, 2012) (unpublished) (finding that Barnett had accumulated three or more strikes as of 2012 and attaching copies of several orders, including two district court orders dismissing two separate civil actions as frivolous and two circuit court orders dismissing two separate appeals as frivolous). And, in at least one prior case, a federal court has expressly advised Barnett "that once he accumulates three strikes, he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Barnett v. Capital Corr. Res. Inc.*, 45 F. App'x 321, 2002 WL 1868085, at *3 (5th Cir. 2002) (unpublished).

Third, Barnett neither alleges nor shows that he meets the only exception to the three-strikes rule, namely, that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet this exception, a "prisoner must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015)). And the alleged "harm must be imminent or occurring at the time the complaint is filed." *Stine v. U.S. Federal Bureau of Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012) (unpublished) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)); *see also Hafed*, 635 F.3d at 1179 ("Every circuit to have decided the issue so far has concluded that [§ 1915(g)'s] use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint."); *Ciarpaglini*, 352 F.3d at 330 (noting that "[a]llegations of past harm do not suffice"). In determining whether a prisoner appearing *pro se* has credibly alleged that he is in imminent danger

3

of serious physical harm, a court must liberally construe the prisoner's complaint and must accept as true all well-pleaded allegations in the complaint. *Stine*, 465 F. App'x at 792-93. Barnett does not expressly allege that he satisfies the imminent-danger exception, and this Court's review of the Complaint reveals no credible allegations of imminent danger. As a result, the imminent-danger exception to the three-strikes rule does not apply.

Because Barnett accumulated at least three strikes before filing this civil action and he has not shown that he is under imminent danger of serious physical injury, he will not be allowed to proceed *in forma pauperis* and he thus cannot commence this civil action without prepayment of the full $402 filing and administrative fees. 28 U.S.C. § 1915(g). The Court therefore dismisses the Complaint [Dkt. No. 1] without prejudice to refiling so long as Barnett pays the full $402 filing and administrative fees if he refiles the complaint.

That said, Barnett is strongly cautioned that if he chooses to refile the instant Complaint (or one asserting identical claims), with full payment of the required fees, his complaint will be subject to screening under the PLRA and could be dismissed as frivolous. 28 U.S.C. § 1915A. To the extent he seeks to collaterally attack his state-court judgment and secure his immediate release from confinement [Dkt. No. 1 at 3-4, 9], he must do so through a petition for writ of habeas corpus, under 28 U.S.C. § 2254, not through a civil rights action, under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). And, to the extent he seeks monetary damages from a state district judge based on alleged judicial acts of issuing orders denying Barnett's requests for evidence or some other forms of relief [Dkt. No. 1 at 4-7], his claims would be barred by judicial immunity. *See*

*Mireles v. Waco*, 502 U.S. 9, 9 (1991) (*per curiam*) ("[G]enerally, a judge is immune from a suit for monetary damages."). In addition, should Barnett choose to litigate either a civil rights action or a federal habeas action in this Court, this Court's local civil rules require that he use the appropriate court-approved form to initiate either action. LCvR 3-1(c). The instant Complaint does not comply with this rule. Barnett may obtain the appropriate court-approved form by submitting a written request to the Clerk of Court.

THEREFORE, IT IS HEREBY ORDERED that:

1. The Complaint [Dkt. No. 1] is DISMISSED without prejudice to refiling with payment of the full $402 filing and administrative fees.
2. This is a final order terminating this action.

Dated this 25th day of May 2022.

```
_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE
```